1
2
3
4
5
6                    **UNITED STATES DISTRICT COURT**
7                         **DISTRICT OF NEVADA**
8

9    STEPHEN SZCZEPANIK,

10        Petitioner,                          Case No. 2:05-CV-00817-PMP-(PAL)

11    vs.                                      **ORDER**

12    WARDEN NEVENS, et al.,

13        Respondents.

14

15        Petitioner has submitted a "Request for Reconsideration Regarding Order <#5>"

16    [sic] (#36), which the Court construes as a motion regarding the denial (#34) of his Petition for a

17    Writ of Habeas Corpus (#5), and Respondents have submitted an Opposition (#39).  Petitioner

18    presents nothing that the Court did not already consider when it denied the Petition (#5).

19        Petitioner has also submitted a Motion for Leave to Appeal in Forma Pauperis (#43).

20    The Court finds that Petitioner is unable to pay the appellate filing fee and grants the Motion (#43).

21        The Court docketed copies of Petitioner's Notices of Appeal (#37, #41), as motions

22    for a certificate of appealability (#38, #42).  Respondents have submitted an Opposition (#40), and

23    Petitioner has submitted a Reply (#45).  To appeal the denial of a petition for a writ of habeas

24    corpus, Petitioner must obtain a certificate of appealability, after making a "substantial showing of

25    the denial of a constitutional right."  28 U.S.C. §2253(c).

26            Where a district court has rejected the constitutional claims on
              the merits, the showing required to satisfy §2253(c) is
27            straightforward:  The petitioner must demonstrate that reasonable
              jurists would find the district court's assessment of the constitutional
28            claims debatable or wrong.

1  Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also James v. Giles, 221 F.3d 1074, 1077-79 (9th

2  Cir. 2000).

3  Petitioner was convicted of two counts of aggravated stalking, and he was acquitted

4  of two counts of solicitation to commit murder.  Much of Ground 1 are claims that delays in

5  Petitioner's trial that made it impossible to defend against the solicitation counts.  The Court found

6  that the state-court decisions on these claims were reasonable applications of clearly established

7  federal law.  Order (#34), p. 4.  The Court also rejected those claims because Petitioner was

8  acquitted of the solicitation counts.  Id.  Reasonable jurists would not find this conclusion to be

9  debatable or wrong.

10  The rest of Ground 1 is a claim that Petitioner's counsel would have negotiated his

11  case in 1997 so that Petitioner could serve his sentence for these crimes concurrently with his

12  sentence for a prior offense, but that his sentence for the prior offense expired in 2000 before his

13  trial could start in this case because of the delays in the proceedings.  Petitioner admitted that his

14  ground was pure speculation, and the state courts rejected this claim for that reason.  This Court

15  determined that the state courts reasonably applied clearly established federal law.  Order (#34), p.

16  4.  Reasonable jurists would not find this conclusion to be debatable or wrong.

17  Not only is Petitioner's claim about a possible concurrent sentence speculative, it is

18  also illegal.  If negotiations proceeded in 1997, Nevada law would have required the district court to

19  run the sentences in this case consecutively to the sentences that he was then serving.  Nev. Rev.

20  Stat. § 176.035(2).

21  Ground 2 is a claim that introduction of a note written by Petitioner, obtained by

22  another inmate in the county jail, and given to the State's investigator, violated the Confrontation

23  Clause of the Sixth Amendment.  The Nevada Supreme Court rejected that claim, and this Court

24  ruled that introduction of a defendant's own note does not violate the Confrontation Clause.  Order

25  (#34), p. 4.  Reasonable jurists would not find this conclusion to be debatable or wrong.

26  Petitioner tries to transform Ground 2 into a claim that the State introduced hearsay

27  from the informant, that the letter was meant for the informant to harass the victims.  Reply (#45),

28

pp. 4-6.  Actually, Petitioner claimed in Ground 2 that the inmate informant, Hardin, might have

forged the note:

> It would appear that person like Mr. Hardin, could have simply manufactured this type of devastating evidence against Mr. Szczepanik.  Mr. Hardin could easily have manufactured this evidence, presented it to Mr. Malone, thereafter, Mr. Malone comes in and testifies.  This is exactly why the Confrontation Clause exists.

Petition (#5), p. 5A.  A reply brief is not the proper method to amend a claim.  See Cacoperdo v.

Demosthenes, 37 P.3d 504, 507 (9th Cir. 1994).

Furthermore, Petitioner's new argument is at odds with the record.  Pat Malone, the

investigator, did not testify as to what Hardin told him, except that Hardin had obtained a note and

wanted leniency.  Ex. O (#25-5), pp. 142-50.

IT IS THEREFORE ORDERED that Petitioner's "Request for Reconsideration

Regarding Order <#5>" (#36) is **DENIED**.

IT IS FURTHER ORDERED that Petitioner's Motion for Leave to Appeal in Forma

Pauperis (#43) is **GRANTED**.  Petitioner need not pay the appellate filing fee.

IT IS FURTHER ORDERED that Petitioner's motions for a certificate of

appealability (#38, #42) are **DENIED**.

DATED:  October 23, 2007.

PHILIP M. PRO
United States District Judge

-3-